Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
John B. Dudrey, OSB No. 083085
john.dudrey@stoel.com
Alisha L. Kormondy, OSB No. 173916
alisha.kormondy@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DR. ERICA MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>OREGON HEALTH and SCIENCE UNIVERSITY, an Oregon Public Corporation, JOHN HUNTER, an individual, GREG MONETA, an individual, and KENNETH AZAROW, an individual,<br><br>    Defendants. | Case No.: 3:18-cv-01982-BR<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT** |

In response to Plaintiff's Third Amended Complaint, Oregon Health and Science University ("OHSU"), Dr. John Hunter, Dr. Greg Moneta and Dr. Kenneth Azarow ("Individual Defendants") (collectively "Defendants") admit, deny, and allege as follows:

Page 1  -  DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.      Defendants admit the allegations in paragraph 1.

## NATURE OF ACTION

2.      Defendants admit that Plaintiff was employed as a Professor of Surgery by OHSU, among other positions, and that at various points each of the Individual Defendants served in a direct or indirect supervisory capacity over her.  Defendants deny the remaining allegations in paragraph 2.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

3.      Defendants admit that OHSU is a public corporation and governmental entity established under Oregon law that is headquartered in Multnomah County and that OHSU is an educational institution that receives federal financial assistance, including from the National Institutes for Health, the federal department of Health and Human Services, and the federal Department of Defense.  Defendants further admit that Plaintiff was hired by OHSU in August 2006.  Defendants deny the remaining allegations in paragraph 3.

4.      Defendants admit that Plaintiff is female, an Oregon citizen, and a doctor of medicine.  Defendants further admit that Plaintiff has completed various trainings and certifications and that she is a member of one or more professional societies, including the American Surgical Association.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 4, and therefore deny them.

5.      Defendants admit the first two sentences of paragraph 5.  Defendants further admit that Plaintiff served in various leadership and academic roles during her employment with OHSU, including Director of the Vascular Surgical Skills Laboratory, Associate Medical Director of Surgical Simulation, Program Director for the Vascular Surgery Fellowship Training

program, Co-Director of Simulation, a member of the Inter-professional Education Steering Committee and Vice-Chair for Quality for the Department of Surgery. Defendants lack sufficient information to admit or deny the allegation regarding Plaintiff's specific job title at Salem Hospital and therefore deny that allegation.

6.  Defendants admit that Plaintiff has conducted research, authored articles, and participated in various presentations and conferences. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 6, and therefore deny them.

7.  Defendants admit that Plaintiff has participated in various associations, boards, councils, and/or committees and has received honors and awards during her career. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 7 and therefore deny them.

8.  Defendants lack sufficient information to admit or deny the allegations in paragraph 8 and therefore deny them.

9.  Defendants admit that Dr. Hunter is an Oregon citizen, that he has served as Executive Vice President at OHSU since 2016, and that he served as Chair of the Department of Surgery from 2001 until on or around October 2016. Defendants deny the remaining allegations in paragraph 9.

10.  Defendants admit that Dr. Moneta is an Oregon citizen and that he served as Division Chief for the Division of Vascular Surgery at OHSU from on or around July 2000 until on or around August 2017. Defendants deny the remaining allegations in paragraph 10.

11.  Defendants admit that Dr. Azarow is an Oregon citizen and that he has served as a professor of pediatric surgery at OHSU from 2013 to the present and served as Interim Chair for

Page 3 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD
            AMENDED COMPLAINT

the Department of Surgery from October 2016 to March 2019. Defendants deny the remaining allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

### FIRST CLAIM FOR RELIEF
(Against OHSU - Equal Pay Act of 1963 29 USC §206(d) et seq - intentional)

13. Defendants admit that Plaintiff was a vascular surgeon who worked with male vascular surgeons employed by OHSU, that some of her male colleagues were paid more than she was, that some of her male colleagues were paid less than she was, and that no comparable male vascular surgeon was paid more than she was. Defendants expressly deny that any comparable male was paid more than Plaintiff. Defendants further admit that some of Plaintiff's male counterparts in the vascular surgery division performed some of the same duties and tasks as Plaintiff. Defendants admit that subparagraph F of paragraph 13 summarizes some of the job duties of a vascular surgeon at OHSU. Defendants admit that there are three levels of professors, that there is a prescribed process by which promotions are made, and that Plaintiff was promoted to professor effective July 1, 2015. Defendants admit that OHSU uses an "X, Y, Z" compensation methodology for its physicians under which "X" considers academic rank; "Y" considers special assignments, roles, or activities; and "Z" considers clinical duties. Defendants admit that Plaintiff met the qualifications necessary to become an assistant professor and that, at that time, she was in a relationship with Dr. Moneta. Defendants admit that Dr. Enjae Jung was hired by OHSU on or about December 1, 2014, and that Dr. Kaul was co-chair of the hiring committee to select a chief of the vascular surgery division. Defendants deny the remaining allegation in paragraph 13, inclusive of all subparts.

14. Defendants deny the allegations in paragraph 14.

Page 4  -  DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

15. Defendants admit that, by 2009, Plaintiff had been an assistant professor in the vascular surgery division for three years and that she served as Co-Director of Simulation from 2012 to 2014. Defendants further admit that Plaintiff succeeded Dr. Timothy Liem as Vice Chair for Quality in the Department of Surgery in 2014. Defendants deny the remaining allegations in paragraph 15, inclusive of all subparts.

16. Defendants admit that Dr. Azarow was promoted to Chair of the Department of Surgery on or around March 11, 2019. Defendants deny the remaining allegations in paragraph 16

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

**SECOND CLAIM FOR RELIEF**
(Against OHSU - Gender Discrimination in Pay - nonintentional - 29 USC § 206(d))

20. Defendants incorporate and re-allege their responses to paragraphs 1 through 19 of the Third Amended Complaint, as stated above.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

**THIRD CLAIM FOR RELIEF**
(Against OHSU - Sex Discrimination Title IX 20 USC § 1681)

23. Defendants incorporate and re-allege their responses to paragraphs 1 through 22 of the Third Amended Complaint, as stated above

24. Defendants admit that OHSU receives federal financial assistance. Defendants admit that Dr. Azarow was promoted to Chair of the Department of Surgery on or around March 11, 2019. Defendants further admit that results of a faculty survey were presented to the faculty

Page 5 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

senate in or around March 9, 2017. Defendants deny the remaining allegations in paragraph 24, inclusive of all subparts.

25. Paragraph 25 contains a statement of the relief Plaintiff seeks, to which no response is required. To the extent paragraph 25 makes factual allegations, those allegations are denied.

## FOURTH CLAIM FOR RELIEF
(Against Individual Defendants - Gender Discrimination Under § 1983 Equal Protection)

26. Defendants incorporate and re-allege their responses to paragraphs 1 through 25 of the Third Amended Complaint, as stated above.

27. Defendants deny the allegations in paragraph 27.

28. Paragraph 28 contains a statement of the relief Plaintiff seeks, to which no response is required. To the extent paragraph 28 makes factual allegations, those allegations are denied.

## FIFTH CLAIM FOR RELIEF
(Against Individual Defendants - Refusal to Consider/Failure to Promote Dr. Mitchell for Division Chief Because of Gender § 1983 Equal protection)

29. Defendants incorporate and re-allege their responses to paragraphs 1 through 28 of the Third Amended Complaint, as stated above.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit that Dr. Moneta announced his resignation from his position as chief of vascular surgery in 2016. Defendants deny the remaining allegations in paragraph 31

32. Defendants admit that Dr. Landry was promoted to chief of vascular surgery in August 2017. Defendants deny the remaining allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

Page 6 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

101106743 0027345-00068

35. Defendants deny the allegations in paragraph 35.

## SIXTH CLAIM FOR RELIEF
(Against Defendants Hunter and Moneta - Refusal to Consider/Failure to Promote Dr. Mitchell to Chief of Division because of Association § 1983)

36. Defendants incorporate and re-allege their responses to paragraphs 1 through 35 of the Third Amended Complaint, as stated above.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent Paragraph 37 makes factual allegations, Defendants deny them.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

## SEVENTH CLAIM FOR RELIEF
(Against Defendants Azarow and Hunter - Demotion Stripping of Academic Positions & Affiliation - Equal Protection § 1983)

41. Defendants incorporate and re-allege their responses to paragraphs 1 through 40 of the Third Amended Complaint, as stated above.

42. Defendants admit that, on or about January 30, 2018, Plaintiff informed Dr. Azarow that she was considering leaving OHSU. Defendants deny the remaining allegations in paragraph 42.

43. Defendants admit that Dr. Azarow asked to speak with Plaintiff again following their discussion on January 30, 2018. Except as expressly admitted, Defendants deny the allegations in paragraph 43.

44. Defendants admit that on February 14, 2018, Plaintiff met with Dr. Azarow and resigned effective June 30, 2018, which was the end of her contract with OHSU. Defendants further admit that, after Plaintiff submitted her resignation, Plaintiff was transitioned out of her

Page 7 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

101106743 0027345-00068

role as Program Director for the Vascular Surgery Fellowship and as Quality Director. Defendants deny the remaining allegations in paragraph 44.

45. Defendants admit that, in some circumstances, physicians remain in an affiliated role with OHSU after leaving employment with OHSU. Except as expressly admitted, Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants admit that Plaintiff's resignation was effective June 30, 2018. Defendants deny the remaining allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

## EIGHTH CLAIM FOR RELIEF
(Against Defendants Azarow and Hunter - Demotion by Stripping of Academic Positions & Affiliation - Due Process § 1983)

51. Defendants incorporate and re-allege their responses to paragraphs 1 through 50 of the Third Amended Complaint, as stated above.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

## NINTH CLAIM FOR RELIEF
(Title VII of the Civil Rights Act of 1964 42 USC § 2000e et seq.)

55. Defendants incorporate and re-allege their responses to paragraphs 1 through 54 of the Third Amended Complaint, as stated above.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

Page 8 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

58.    Defendants deny the allegations in paragraph 58.

59.    Paragraph 59 contains a statement regarding the relief Plaintiff seeks, to which no response is required.  To the extent paragraph 59 makes factual allegations, those allegations are denied.

## ELEVENTH CLAIM FOR RELIEF
(Retaliation Against OHSU - 29 USC § 215(a)(3))

60.    Defendants incorporate and re-allege their responses to paragraphs 1 through 59 of the Third Amended Complaint, as stated above.  To the extent paragraph 60 makes factual allegations, those allegations are denied.

61.    Defendants deny the allegations in paragraph 71.  Defendants note that Plaintiff's Third Amended Complaint does not contain paragraphs 61-70, or a Tenth Claim For Relief.

## TWELFTH CLAIM FOR RELIEF
(ORS 659A.030)

62.    Defendants admit that OHSU received a purported written tort claim notice from Plaintiff's counsel on or about October 19, 2018. To the extent paragraph 72 makes factual allegations, those allegations are denied.

63.    Defendants deny the allegations in paragraph 73.

64.    Defendants deny the allegations in paragraph 74.

## THIRTEENTH CLAIM FOR RELIEF
(Individual Defendants ORS 659A.030(1)(g))

65.    Defendants incorporate and re-allege their responses to paragraphs 1 through 74 of the Third Amended Complaint, as stated above.  To the extent paragraph 75 makes factual allegations, those allegations are denied.

///

///

Page 9  -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

101106743 0027345-00068

66. Defendants deny the allegations in paragraph 76.

67. Paragraph 77 contains a statement of the relief Plaintiff seeks, to which no response is required. To the extent paragraph 77 makes factual allegations, those allegations are denied.

## FOURTEENTH CLAIM FOR RELIEF
(Retaliation ORS 659A.199)

68. Defendants incorporate and re-allege their responses to paragraphs 1 through 77 of the Third Amended Complaint, as stated above. To the extent paragraph 78 makes factual allegations, those allegations are denied.

69. Paragraph 79 contains a statement of the relief Plaintiff seeks, to which no response is required. To the extent paragraph 79 makes factual allegations, those allegations are denied.

## DAMAGES AND RELIEF SOUGHT

70. Paragraph 80 contains a description of the relief Plaintiff seeks, to which no response is required. To the extent paragraph 80 makes factual allegations, those allegations are denied.

## JURY DEMAND

71. Paragraph 81 contains a description of the relief Plaintiff seeks, to which no response is required. To the extent paragraph 80 makes factual allegations, those allegations are denied.

72. Except as expressly and specifically admitted above, Defendants deny each and every allegation in Plaintiff's Third Amended Complaint and the whole thereof.

///

///

## AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof as to any claim or issue, Defendants assert the following affirmative defenses, specifically reserving their right to amend this Answer and raise additional Affirmative Defenses as the case proceeds:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

73.   Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

74.   Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Good-Faith Efforts; Not Willful)

75.   Any alleged damages, including punitive damages, are inappropriate or barred because Defendants made good-faith efforts to comply with applicable law. Any alleged statutory violations were not willful.

### FOURTH AFFIRMATIVE DEFENSE
### (Legitimate, Non-discriminatory Reasons)

76.   The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory, and non-retaliatory business and academic considerations.

///

///

///

Page 11 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

77. Plaintiff has failed to mitigate her alleged damages, if any, in whole or in part. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay, and benefits, or other earnings, remunerations, profits, and benefits received by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
### (Reasonable Care/Failure to Report)

78. Defendants exercised reasonable care to prevent illegal discrimination or retaliation in the OHSU workplace. Plaintiff unreasonably failed to take advantage of corrective opportunities provided by OHSU.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

79. One or more of Plaintiff's claims is barred by her failure to exhaust administrative remedies and/or to timely pursue such remedies.

### EIGHTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

80. The Individual Defendants are entitled to qualified immunity because no Individual Defendant acted unreasonably in light of clearly established law.

///

///

///

WHEREFORE, Defendants pray for judgment as follows:

1) Dismissing all of Plaintiff's claims with prejudice;

2) Awarding Defendants their costs, disbursements, and attorneys' fees in defending this action; and

(3) For such other relief as deemed just and equitable.

DATED: April 19, 2019.    STOEL RIVES LLP

*s/ John B. Dudrey*
AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
JOHN B. DUDREY, OSB No. 083085
john.dudrey@stoel.com
ALISHA L. KORMONDY, OSB No. 173916
alisha.kormondy@stoel.com
Telephone: 503.224.3380

Attorneys for Defendants

Page 13 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT